[Cite as *State v. Wulsin*, 2013-Ohio-4777.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                     :          APPEAL NO. C-120876
                                              TRIAL NO.  12TRC-3123
    Plaintiff-Appellant,          :

 vs.                               :          *O P I N I O N.*

SUSAN WULSIN,                      :

    Defendant-Appellee.           :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 30, 2013


*John Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *David Sturkey*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Robert Healey*, for Defendant-Appellee.


Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant the city of Cincinnati appeals the trial court's judgment suppressing the breath test of defendant-appellee Susan Wulsin. Based upon this court's opinion in *State v. McMahon*, 1st Dist. Hamilton No. C-120728, 2013-Ohio-2557, we reverse the trial court's judgment granting Wulsin's motion to suppress.

{¶2} On January 18, 2012, Wulsin was charged with speeding in violation of R.C. 4511.21(C), operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and operating a vehicle with a prohibited concentration of breath alcohol in violation of R.C. 4511.19(A)(1)(d). She submitted to a breath-alcohol test on the Intoxilyzer 8000. Her breath-alcohol content was .152 grams by weight of alcohol per 210 liters of her breath. She subsequently filed a motion to suppress challenging a number of issues including the admissibility of her breath-alcohol test results.

{¶3} At a two-day evidentiary hearing on the motion, Mary Martin, the program administrator for alcohol and drug testing at the Ohio Department of Health ("ODH") testified that the permit the ODH issues for the Intoxilyzer 8000 is a plastic access card and that the card is necessary to operate the machine. To obtain an access card, an individual must apply on the prescribed ODH form and satisfy the three qualifications enumerated for an operator's permit under Ohio Adm.Code 3701-53-07(E): (1) have a high school diploma or a General Education Development Degree; (2) be a sworn law enforcement officer or a corrections officer; and (3) pass a course that shows the individual is able to correctly operate the instrument for which he or she is seeking the permit. Ohio Adm.Code 3701-53-09(D). In order to retain the access card, an individual must take a test once every calendar year or have a

successful valid subject test once every year.  Ohio Adm.Code 3701-53-08(D).  If an individual does not comply with these requirements, the ODH can then deactivate an individual's operator access card. Ohio Adm.Code 3701-53-09(E) and 3701-53-10(C)(2). Martin testified that Trooper Joe Westhoven, the Ohio Highway Patrolman who had administered Wulsin's breath test, had met all the requirements to obtain an operator access card for the Intoxilyzer 8000, and that his access card was still active.

{¶4}    Trooper Westhoven, likewise, testified that he had completed a one-day Intoxilyzer 8000 training course at the Clermont County Sheriff's Office and had then taken a proficiency test.  ODH had then issued him an Intoxilyzer 8000 access card, which he had used to administer Wulsin's breath test.

{¶5}    At the conclusion of the hearing, Wulsin's counsel stated that he was narrowing the scope of Wulsin's motion to suppress to issues surrounding the Intoxilyzer 8000.  Counsel argued, among other things, that Officer Westhoven was not authorized to perform Wulsin's breath test because the state had failed to comply with R.C. 3701.143 and the Ohio Administrative Code to establish sufficient qualifications for issuing an operator access card.  The trial court agreed, granting Wulsin's motion to suppress on this basis.

{¶6}    The trial court held that because Ohio Adm.Code Section 3701-53-07(E) referred only to the requirements for obtaining a senior operator's permit or an operator's permit, and did not include the phrase "access card," that the Administrative Code was silent with respect to the ODH requirements for the issuance of an operator's access card for the Intoxilyzer 8000.  As a result, the trial court held that Officer Westhoven's access card for the Intoxilyzer 8000 was invalid, and that the breath test he had administered to Wulsin was inadmissible.

{¶7}    In a single assignment of error, the city argues that the trial court erred in suppressing the results of Wulsin's breath test on the basis that the Ohio Department of Health had failed to promulgate the necessary requirements for an operator of the Intoxilyzer 8000 to be issued an access card.  We agree.

{¶8}    In *McMahon*, 2013-Ohio-2557, at ¶ 11-14, we reversed the trial court's judgment, suppressing a breath test result on this same basis.   In *McMahon*, Martin had, likewise testified that it was the ODH's position that the access card was the type of permit issued to an operator of the Intoxilyzer 8000 machine. *Id.* at ¶ 11.  We held that the ODH's "position that the access card, which is referenced in Ohio Adm.Code 3701-53-09(D), is the type of permit that is issued to an operator of an Intoxilyzer 8000 under Ohio Adm.Code 3701-53-07(E) comports with R.C. 3701.143, which authorizes the director of health to issue permits to qualified persons, but does not reference the issuance of access cards." *Id.* at ¶ 13.

{¶9}    We further held that when the relevant administrative code provisions were read together, they supported the department of health's interpretation. *Id.* at ¶ 14.  We looked specifically to Ohio Adm.Code Sections 3701-53-09 and 3701-53-07.  *Id.* We noted that under Ohio Adm.Code 3701-53-09(D), "individuals qualified to use the Intoxilyzer 8000 machine are referred to as operators, and that the provision provided such operators shall be issued access cards to perform breath tests."  *Id.*  We further acknowledged that "Ohio Adm.Code 3701-53-07 provides qualifications for the issuance of either operator permits or senior operator permits; it categorizes the issuance of permits into these two groups, rather than by the type of machine being operated."  *Id.* We stated that "because users of the Intoxilyzer 8000 machine are operators, reason dictates that they would be issued, if the required qualifications are met, operator permits under Ohio

4

Adm.Code 3701-53-07(E)." *Id.* We, therefore, concluded that "it [wa]s a reasonable interpretation of these provisions that the access card referenced in Ohio Adm.Code 3701-53-09(D) is the type of permit issued to an operator of an Intoxilyzer 8000 machine under Ohio Adm.Code 3701-53-07(E)." *Id.*

{¶10}    Given our decision in *McMahon*, we sustain the city's sole assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings in the trial court in accordance with this opinion and the law.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.